**No. 49064.**—Protest 84709–K of Monroe D. Green (San Francisco).

CöLE, Judge: The fish involved in this litigation were classified for duty under the provision in paragraph 720 (a) (4) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 720 (a) (4)), as amended by the Canadian Trade Agreement, published in T. D. 49752, for smoked haddock "whole, or beheaded or eviscerated or both, *but not further advanced,*" and assessed with duty thereunder at 1¼ cents per pound. [Italics ours.] The merchandise is claimed to be properly dutiable at ¾ cent per pound under the provision in paragraph 717 (a) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 717 (a)), as amended by said trade agreement for frozen haddock, without fins removed, "whole, or beheaded or eviscerated or both, *but not further advanced.*" [Italics ours.] We have not referred to the frozen filet of cod included in the importation, although proof in connection therewith was offered at the trial in San Francisco, because the protest with respect thereto is abandoned in plaintiff's brief.

Plaintiff offered the only proof, consisting of the testimony of the United States examiner who stated that he saw the fish at the time of importation, and that it consisted of haddock "from 5 to 6 inches long to possibly 15 inches long, split, headless and eviscerated, and smoked." At the conclusion of the witness' testimony, the parties stipulated that the fish described was also frozen at the time of importation. The case is submitted on that uncontradicted evidence, establishing that the imported commodity consisted of frozen haddock without fins removed, and which had been smoked as well as beheaded and eviscerated.

Plaintiff has assumed that this record is sufficient for determination of the case on a proposition of law concerning the relative specificity of the two paragraphs under consideration. But we cannot, in the absence of a more complete factual basis, view the case in that light. Vitally important, but utterly lacking, is evidence showing how the present merchandise was prepared. Such proof is necessary because the classification of the fish in question is dependent on its imported condition, either frozen *or* smoked, since the statute contains no specific provision for such haddock, frozen *and* smoked. Whether a frozen fish is further advanced than one that has been smoked, is a question of fact to be established of record. It is not a matter of which the court can take judicial knowledge.

Plaintiff's concession that the merchandise was smoked supports the collector's classification under paragraph 720 (a) (4), *supra*, which is presumptively correct. That it was imported without fins removed, does not exclude it from the classification fixed by the collector, and bring it within the purview of paragraph 717 (a) as amended by the Canadian Trade Agreement, *supra*, as claimed. The presence or absence of fins merely determines the specific rate applicable to the fresh or frozen fish contemplated by said paragraph 717 (a). Without fins removed, the merchandise is dutiable at ¾ cent per pound; with fins removed, the rate is 1 cent per pound.

It is axiomatic that the burden on plaintiff in a classification case is twofold, i. e., he must not only prove that the collector's classification was wrong, but also establish the correctness of his claim. *United States* v. *Albrecht et al.*, 27 C. C. P. A. 112, C. A. D. 71. Thus it was incumbent on plaintiff to show by competent evidence in this case that smoking the fish in question did not process it beyond a frozen condition, and that its frozen state controlled its imported condition. Having failed to do so, plaintiff cannot prevail.

The protest is therefore overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.